**Alejandro TREBEJO–ROBLES,
Petitioner,**

v.

**Alberto GONZALES, Attorney
General, Respondent.**

No. 02–73880.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided April 4, 2005.

Joanne Lin, Esq., Van Der Hout & Brigagliano, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS, FISHER, Circuit Judges, and ROBART,* District Judge.

MEMORANDUM **

Petitioner Alejandro Trebejo–Robles seeks review of the Board of Immigration

---

* The Honorable James L. Robart, United States District Judge for the District of Western Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") opinion which found Trebejo–Robles failed to demonstrate past persecution or a well-founded fear of future persecution in Peru on account of his political opinion. Trebejo–Robles challenges the BIA's denial of asylum and withholding of removal. We grant the petition for review, and remand the case to the BIA. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review a BIA decision to deny asylum and withholding of removal under the substantial evidence standard. *Wang v. Ashcroft,* 341 F.3d 1015, 1022 (9th Cir.2003). Because the IJ did not make an adverse credibility statement, we consider all facts from Trebejo–Robles's testimony as true, including any reasonable inferences drawn from those facts. *Zheng v. Ashcroft,* 332 F.3d 1186, 1189 (9th Cir. 2003).

Trebejo–Robles is a citizen of Peru who entered the United States without inspection in 1993. Trebejo–Robles asserts that he was persecuted by the Sendero Luminoso (in English, the Shining Path), at least in part on account of his political opinion while in Peru and that he has a well-founded fear of persecution if forced to return.

 The IJ rejected Trebejo–Robles' claim of persecution without considering his claim that his persecutors had a mixed-motive for their persecutory actions and acted in part on the basis of his imputed political opinion. We have repeatedly held that asylum applicants bear neither the unreasonable burden of establishing the exact motives of their persecutors nor the burden of showing that their persecutors were motivated solely "on account of" one of the protected grounds. *Borja v. INS,*

175 F.3d 732, 735 (9th Cir.1999) (en banc). Instead, we have held that the necessary nexus exists "even when the persecutor acts out of mixed motives." *Mihalev v. Ashcroft,* 388 F.3d 722, 727 (9th Cir.2004) (citing *Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000)).

Because the IJ never engaged in a mixed-motive analysis, he did not consider whether Trebejo–Robles presented sufficient evidence that the Sendero Luminoso operatives were motivated, at least in part, by their perception that Trebejo–Robles and his family opposed their political objectives, or whether the operatives were solely motivated by some personal, nonpolitical vendetta. Additionally, the IJ failed to consider whether the actions taken against Trebejo–Robles' family support his allegations that the Sendero Luminoso imputed a possible political opinion to him. *See, e.g., Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997) ("Past persecution of family members is routinely considered as evidence of possible imputed political opinion … [such as when the petitioner is] a member of a large, historically politically active family.").

When the agency has not considered an issue, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (internal quotation marks omitted). Therefore, we grant the petition for review and remand to the BIA, with instructions to remand to the IJ for consideration of the mixed-motive claim asserted by Trebejo–Robles.

Given this resolution, we need not address any other issue raised by the parties.

PETITION GRANTED.